# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____
                                        )
ARTSKILLS, INC.                         )
                                        )      Civil Action No. _____
                 Plaintiff,  )
                                        )
       v.                            )
                                        )
ROYAL CONSUMER PRODUCTS, LLC            )
                                        )
              Defendant.    )
_____ )

## COMPLAINT

     This is a complaint for patent infringement.  Plaintiff ArtSkills, Inc. ("ArtSkills") brings this action against Defendant Royal Consumer Products, LLC ("RCP") and states as follows:

## THE PARTIES

     1.     Plaintiff ArtSkills, Inc. ("Plaintiff" or "ArtSkills") is a Pennsylvania corporation having a principal place of business at 3935 Rabold Circle South, Bethlehem, Pennsylvania 18020.

     2.     ArtSkills develops and sells poster boards and poster board accessory products including, but not limited to, the ArtSkills Trifold Display Board with Header ("ArtSkills Trifold Display Board").  The ArtSkills Trifold Board is a patented display board of the type used to display information for presentations of any kind, such as presentations in classrooms, science fairs, offices, and household related displays. The ArtSkills Trifold Display Board is uniquely designed to remain securely closed and undamaged until ready for use.

ME1 25661449v.1

3.      Defendant Royal Consumer Products, LLC ("Defendant" or "RCP") is a Delaware limited liability company having its headquarters at 108 Main Street, Norwalk, Connecticut 06851-4640.

4.      RCP is a supplier of office products and related accessories for the consumer and business markets, and sells a variety of products such as printing paper, poster boards, and poster board accessories, including, but not limited to, a product called the Eco Brites Project Board with Header ("RCP Board"). The RCP Project Board is nearly identical to the ArtSkills Trifold Board in all functional respects.

5.      ArtSkills alleges that the RCP Eco Brites Project Board infringes two of the patents covering the ArtSkills Trifold Display Board.

## JURISDICTION

6.      This action arises under the Patent Act, 35 U.S.C. § 271 *et seq.*

7.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over Defendant.  Defendant RCP has its corporate headquarters in Connecticut and transacts business within Connecticut.

9.      Venue is proper in this district under 28 U.S.C. § 1400(b).  Defendant has a regular and established place of business in Connecticut and has committed acts of infringement in Connecticut.

## FACTS COMMON TO ALL COUNTS

10.     Plaintiff ArtSkills was formed in 1987 for the purpose of developing and selling kits for learning fine art skills such as drawing, painting, and sculpting.  In 1995, Plaintiff adopted the name "ArtSkills" in connection with this line of business.

11.     In 2005, ArtSkills introduced a new product line in an effort to create a niche industry for poster board accessory products.  ArtSkills introduced several new products to assist persons, such as students and teachers, who were interested in creating posters and related craft projects.  These poster board accessory products included, among others, Poster Carriers, Poster Markers, Stencil Kits, and Vinyl Letters.

12.     ArtSkills' poster board accessory products line was an original and entirely new development in the paper and stationery industry.  As a result of these new products, ArtSkills' sales increased dramatically, and it now sells poster board accessory products to more than sixty thousand stores across the country, including large retailers such as Wal-Mart, Target, CVS, Walgreens, and Michaels.  As a result of ArtSkills' efforts, "poster board accessory products" became a new category within the stationery industry, and ArtSkills became the leader of that niche industry.

13.     Defendant RCP has been in the business of selling traditional paper and stationery products for many years.  RCP followed ArtSkills into the poster board accessory product market that ArtSkills created, and introduced a number of products in the late 2000s designed to compete directly with specific ArtSkills products.

14.     RCP is keenly aware of ArtSkills market activities, closely monitors ArtSkills' product offerings, and in the past has introduced products that were deliberately designed to duplicate the appearance of ArtSkills products.

15.     On August 26, 2009, ArtSkills sued RCP in the U.S. District Court for the Eastern District of Pennsylvania, alleging federal trade dress infringement based on RCP's slavish copying of the trade dress for six ArtSkills poster board accessory products.  Steven Golden Associates, Inc. d/b/a/ ArtSkills v. Royal Consumer Products, LLC., Case. No. 09-CV-3890

(E.D. Pa).  ("The Pennsylvania Case").  For each accused product, RCP had essentially duplicated the appearance of a corresponding ArtSkills product in a manner that appeared calculated to create consumer confusion.

16.     For example, ArtSkills alleged in the Pennsylvania Case that RCP had infringed ArtSkills trade dress for its "Eye Catchers" product by selling RCP's virtually indistinguishable "Attention Grabbers" product, which are shown below side-by-side.



17.     On October 14, 2009, after ArtSkills had filed a motion for a preliminary injunction in the Pennsylvania Case, ArtSkills and RCP resolved that case by entering into a Confidential Settlement Agreement, which authorized the parties to publicly state that:

> ArtSkills objected to the packaging of certain poster board
> accessory products sold by Royal and filed a lawsuit.  Royal
> disagreed with ArtSkills concerns.  Royal, however, did review the
> packaging of the products at issue and chose to moot the dispute by
> changing the packaging, and agreed to discontinue use of the
> certain packaging after a period of transition.  The lawsuit has now
> been dismissed.

18.     After the settlement of the Pennsylvania Case, ArtSkills and RCP have continued to compete against each other in the market for poster boards and poster board accessory

4

products.  On information and belief, ArtSkills is RCP's chief competitor in this market, and

RCP continues to monitor ArtSkills' products and competitive activity.

      19.     In 2012, ArtSkills began selling the ArtSkills Trifold Display Board.  The Trifold

Display Board is a multi-panel display board of the general types used display information for

presentations of any kind, such as presentations in classrooms, science fairs, offices, and

household related displays.  A key advantage of the ArtSkills Trifold Display Board is that, in

contrast to previous designs, the ArtSkills Board consists of a single sheet of material, including

three display panels and a header panel, which is uniquely configured to stay securely closed and

intact until used by the consumer.

      20.     Fig. 1 below is a photograph of the ArtSkills Trifold Display Board as it appears

when it is used for a presentation.  This photograph can be found at

www.artskills.com/products/Poster-Boards/Large-Tri-Fold-Display-board -with-Header.



**Fig. 1: ArtSkills Trifold Display Board**

21.     On information and belief, in 2013, after ArtSkills began selling the ArtSkills Trifold Display Board, Defendant RCP introduced a product called Royal Eco Brites Project Board with Header, Item No. 27367_Case (hereinafter "RCP Project Board").  Illustrations and descriptions of the RCP Project Board are accessible at RCP's website, www.theroyalstore.com. Fig. 2 below is a photograph of the RCP Project Board which appears at www.theroyalstore.com/project-board-white-header-36-48-royal-brites-p-57810.html.  The RCP Project Board includes all the unique functional features of the ArtSkills Trifold Display Board, and, like the ArtSkills Board, is configured in the same manner to stay securely closed and intact until used by a consumer.



**Fig. 2: RCP Project Board**

22.     On information and belief, RCP copied the appearance, design, and functional features of the ArtSkills Trifold Display Board in RCP's Project Board.

6

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 9,495,886

23.     Plaintiff ArtSkills repeats and re-alleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

24.     ArtSkills is the owner of United States Patent No. 9,495,886 ('886 patent), entitled "Multi-Panel Display Device, Blank, and Method of Forming the Device," which issued on Nov. 15, 2016, and is attached as Exhibit A.  ArtSkills has owned the '886 patent for the entire period of Defendant's infringement.

25.     RCP has manufactured, used, sold, offered for sale, and/or imported multi-panel display devices that infringe the '886 patent, literally and/or under the doctrine of equivalents. RCP's infringing devices include the Royal Eco Brites Project Board with Header, Item No. 27367_Case (hereinafter "RCP Project Board"), which is described and shown in Fig. 3 below, as it appears on RCP's website at www.theroyalstore.com/project-board-white-header-36-48-royal-brites-p-57810.html.



**Fig. 3: RCP Project Board**

26.     The RCP Project Board includes all the limitations of independent claim 1 of the '886 patent, and therefore, infringes the '886 patent.

27.     As recited in independent claim 1 and all claims of the '866 patent, the RCP Project Board is sold as a blank, or sheet of material, having a center panel, first side panel, second panel, and header panel, all interconnected in a single sheet of material.  These features are shown in Fig. 4 below, which is a photograph of the RCP Project Board.



**Fig. 4: RCP Project Board (blank/sheet for multi-panel display)**

28.     RCP sells the RCP Project Board in a configuration wherein the first panel, second panel, and header panel are folded over the center panel and securely closed by an adhesive.  These features are shown in Fig. 5 below, which is a photograph of the RCP Project Board in its folded configuration showing the first panel, second, panel, and header panel folded over the center panel.

8



**Fig. 5: RCP Project Board in folded configuration (front)**

29.     As recited in independent claim 1 and all claims of the '866 patent, the center panel of the RCP Project Board has a first edge, a second edge, a top edge, a bottom edge, and a first height measured between the top and bottom edges of the center panel. These features are shown in Fig. 6 below, which is a photograph of the center panel of RCP Project Board in its folded configuration.

9



**Fig. 6: RCP Project Board in folded configuration (back)**

30.    As recited in independent claim 1 and all claims of the '886 patent, the first side panel of the RCP Project Board includes a first free edge; a second edge attached to the first edge of the center panel along a  pre-weakened line; top and bottom edges; and a second height measured between the top and bottom edges.  These features are shown in Fig. 7 below, which is a photograph the RCP Project Board in its folded configuration, with the first, second, and header panels folded over the center panel.



**Fig. 7: RCP Project Board (first, second, and header panels)**

31.     As recited in independent claim 1 and all claims of the '886 patent, the second

panel of the RCP Project Board includes a first edge attached to the second edge of the center

panel along a pre-weakened line; a second edge; top and bottom edges; and a third height

measured between the top and bottom edges of the second side panel.  These features are shown

in Figs. 4, 5, and 7 above.

32.     As recited in independent claim 1 and all claims of the '886 patent, the header

panel of the RCP Project Board includes a first edge that is detachably coupled to the second

edge of the second side panel along a pre-weakened line; a second edge; first and second slots

extending from one of the first and second edges of the header panel toward the other of the first

and second edges of the header panel.  These features are shown in Fig. 8 below, which is a
photograph of the RCP Project Board showing the header panel and second panel.



**Fig. 8: RCP Project Board (header and second panels)**

33.     As recited in independent claim 1 and all claims of the '886 patent, the heights of
the center panel, first panel, and second panel of the RCP Project Board are identical.  This
feature is apparent from Figs. 5, 6, and 7 above.

12

34.     In addition to possessing all limitations of independent claim 1, the RCP Project Board includes all limitations of the dependent claims of independent claim 1 (claims 2-9), and further, includes all limitations of independent claim 10 and its dependent claims (claims 11-14). The RCP Project Board therefore infringes all claims of the '886 patent.

35.     ArtSkills has provided notice in satisfaction of 35 U.S.C. § 287 by marking the ArtSkills Trifold Display Board with the number of the '886 patent.

36.     Upon information and belief, RCP infringed the '886 patent with actual knowledge of the '886 patent or is legally charged with knowledge of the patent through the doctrine of willful blindness.

37.     Defendant RCP's infringement of the '886 patent has been willful.

38.     ArtSkills has been damaged by Defendant's infringement of the '886 patent and will continue to be damaged in the future unless Defendant is enjoined from infringing the '886 patent.

**COUNT TWO**
**INFRINGEMENT OF U.S. PATENT NO. 9,076,352**

39.     Plaintiff ArtSkills repeats and re-alleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

40.     ArtSkills is the owner of United States Patent No. 9,076,352 ('352 patent), entitled "Multi-Panel Display Device, Blank, and Method of Forming the Device," which issued on July 7, 2015, and is attached as Exhibit B.  ArtSkills has owned the '352 patent for the entire period of Defendant's infringement.

41.     RCP has manufactured, used, sold, offered for sale, and/or imported multi-panel display devices that infringe the '352 patent, literally and/or under the doctrine of equivalents. RCP's infringing devices include the Royal Eco Brites Project Board with Header, Item No.

27367_Case (hereinafter "RCP Project Board"), which is described and shown below, as it appears on RCP's website at www.theroyalstore.com/project-board-white-header-36-48-royal-brites-p-57810.html.



**Fig. 9: RCP Project Board**

42.     The RCP Project Board includes all the limitations of independent claim 1 of the '352 patent, and therefore, infringes the '352 patent.

43.     As recited in independent claim 1 of the '352 patent, the RCP Project Board is sold as a sheet of material having a center panel, first side panel, second panel, and header panel. These features are shown in Fig. 10 below, which is a photograph of the single sheet of the RCP Project Board.

ME1 25661449v.1



**Fig. 10: RCP Project Board (blank/sheet for multi-panel display)**

44.   RCP sells the RCP Project Board in a configuration wherein the first panel, second panel, and header panel are folded over the center panel and securely closed by an adhesive.  These features are shown in Fig. 11 below, which is a photograph of the RCP Project Board in its folded configuration disclosing the first panel, second, panel, and header panel folded over the center panel.

ME1 25661449v.1



**Fig. 11: RCP Project Board in folded configuration (front)**

45.     As recited in independent claim 1, the center panel of the RCP Project Board has a first edge, a second edge, a bottom edge, a top edge, a height measured between the top and bottom edges of the center panel, and a width $W_C$ measured between the first and second edges of the center panel.  These features are shown in Fig. 12 below, which is a photograph of the center panel of RCP Project Board in its folded configuration.



**Fig. 12: RCP Project Board in folded configuration (back)**

46.     As recited in independent claim 1, the first side panel of the RCP Project Board includes a first free edge; a second edge attached to the first edge of the center panel along a pre-weakened line; top and bottom edges; and a height measured between the top and bottom edges. These features are shown in Fig. 13 below, which is a photograph the RCP Project Board in its folded configuration, with the first, second, and header panels folded over the center panel.



**Fig. 13: RCP Project Board (first, second, and header panels)**

47.     As recited in independent claim 1, the second panel of the RCP Project Board
includes a first edge attached to the second edge of the center panel along a pre-weakened line; a
second edge; top and bottom edges; and a height measured between the top and bottom edges of
the second side panel.  These features are shown in Figs. 11 and 13 above.

48.     As recited in independent claim 1, the header panel of the RCP Project Board
includes a first edge that is detachably coupled to the second edge of the second side panel along
a pre-weakened line; a second edge; first and second slots extending from one of the first and
second edges of the header panel toward the other of the first and second edges of the header
panel; the slots having a length $L_S$ from one of the first and second edges of the header panel to
the terminal end of the slots and is less than the width $W_H$ of the header panel; wherein the first

18

and second slots are spaced apart by a distance D that is greater than the width $W_C$ of the center panel. The length $L_S$ of the slots in the RCP Project Board is 4 inches; the distance D between the slots is 27 ¾ inches; and the width $W_C$ of the center panel is 22 inches. These features are shown in Fig. 12 above, and Fig. 14 below, which is a photograph of the RCP Project Board showing the header panel and second panel.



**Fig. 14: RCP Project Board (header and second panels)**

49.     As recited in independent claim 1, the heights of the center panel, first panel, the second panel, and the header panel of the RCP Project Board are substantially the same; and the top and bottom edges of all panels are aligned.  These features are apparent from Figs. 10 and 11 above.

50.     As recited in independent claim 1, the sheet of material of the RCP Project Board is alterable from a folded state in which the first side panel is folded over the center panel about the first pre-weakened line, and the second side panel is folded over the center panel about the second pre-weakened line; and a display state in which the header panel is broken away from the second side panel along a pre-weakened line, the first and second side panels extend in a direction away from a front surface of the center panel, and the header panel is mounted to the first and second side panels so as to extend upward from the top edges of the first and second side panels.  These limitations are depicted in Figs. 11-13 above, showing the folded state of the RCP Project Board; and in Fig. 15 below, which is a photograph of the RCP Project Board in its display state.

20



**Fig. 15: RCP Project Board (display state)**

51.     In addition to possessing all limitations of independent claim 1, the RCP Project Board includes all limitations of the dependent claims of independent claim 1 (claims 2-7); all limitations of independent claim 8 and its dependent claims (claims 9-11); and all limitations of independent claim 12 and its dependent claims (claims 13-19).  The RCP Project Board therefore infringes all claims of the '352 patent.

52.     ArtSkills has provided notice in satisfaction of 35 U.S.C. § 287 by marking the ArtSkills Trifold Display Board with the number of the '352 patent.

53.     Upon information and belief, RCP infringed the '352 patent with actual knowledge of the patent or is legally charged with knowledge of the patent through the doctrine of willful blindness.

54.     Defendant RCP's infringement of the '352 patent has been willful.

ME1 25661449v.1

55.     ArtSkills has been damaged by Defendant's infringement of the '352 patent and will continue to be damaged in the future unless Defendant is enjoined from infringing the '352 patent.

## PRAYER FOR RELIEF

ArtSkills respectfully requests the following relief:

A.     A judgment that Defendant has infringed the '886 and '352 patents;

B.     A judgment that Defendant's infringement has been willful;

C.     A judgment and order requiring Defendant to pay all appropriate damages for infringement of ArtSkills' patents;

D.     A judgment and order that this is an exceptional case under 35 U.S.C. § 385;

E.     A judgment and order requiring Defendant to pay all costs, including disbursements, and attorneys' fees;

F.     A judgment and order requiring Defendant to pay pre-judgment and post-judgment interest;

G.     A permanent injunction against Defendant and its officers, agents, employees, attorneys, and all persons in active concert or participation with them, prohibiting infringement of the '886 and '352 patents; and

H.     Such other and further relief that this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ArtSkills demands a trial by jury of all issues so triable.

ME1 25661449v.1

Dated:  September 14, 2017                    Respectfully submitted,

*/s/ Kevin L. Reiner*
Kevin L. Reiner (ct28176)
*kreiner@mccarter.com*
MCCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, Connecticut  06103

Of counsel:
J. Derek Vandenburgh (MN Reg. No. 0224145)
Matthew J. Goggin (MN Reg. No. 0210705)
CARLSON, CASPERS, VANDENBURGH,
LINDQUIST & SCHUMAN, P.A.
225 South Sixth Street, Suite 4200
Minneapolis, Minnesota  55402
(612) 436-9600 Telephone
(612) 436-9605 Facsimile
*dvandenburgh@carlsoncaspers.com*
*mgoggin@carlsoncaspers.com*

**Counsel for ArtSkills, Inc.**